IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LANE E. VAN ROOYEN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA and ANCHORAGE COMMUNITY MENTAL HEALTH SERVICES, INC.,<br><br>Defendants. | Case No. 3:14-cv-160 RRB<br><br>**ORDER DENYING MOTIONS AT DOCKETS 9 AND 11** |

This action is based on injuries sustained by the Plaintiff as a result of lithium toxicity. Following the filing of an administrative tort claim and a state court action for medical malpractice, this matter was removed to federal court, and the United States was substituted as a defendant, because the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.*, provides the exclusive remedy for claims against a federal agency.

The United States, after removal to this Court, filed a Motion to Dismiss the initial complaint as premature under the FTCA. Doc. 9. Plaintiff then amended her Complaint to include an FTCA claim and noted the expiration of the administrative claim review period. Doc. 9, ¶ 8-11. The United States again moved to dismiss, arguing that the filing of an amended complaint could not cure the defect in subject matter jurisdiction that existed at the time the action was filed in state court. Docket 11. The Court now considers all of these issues.

> An action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency . . . . The failure of an agency to make final disposition of a claim within six months after it is filed shall . . . be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). Although Plaintiff filed this suit in state court *before* expiration of the statutory administrative review period, more than six months had passed since the filing of the administrative claim when the action was removed on August 19, 2014. Docket 15 at 10. The parties disagree as to when jurisdiction of this Court arose.

The Ninth Circuit has explained that in a case, such as this one, where the "original complaint neither named the United States as a defendant nor stated a claim under the [Federal Tort Claims] Act," the filing of an amended complaint following the exhaustion of administrative remedies is adequate. *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 855-56 (9th Cir. 2011). The Court dismissed "the government's central thesis . . . that '[t]he filing of an amended complaint is not the equivalent to instituting an action following the exhaustion of administrative remedies.'" *Id.* at 855. Nor was the Court persuaded by the government's argument that the court was "required to dismiss the FTCA claim in the amended complaint and to require the plaintiff to file an entirely new lawsuit founded on the same nucleus of facts," concluding that "[t]here is nothing in the statute or our case law that would prevent a plaintiff from amending an existing complaint asserting non-FTCA claims to name the United States as a defendant and include FTCA claims once those claims have been administratively exhausted." *Id.* at 856. The Court specifically distinguished cases which attempted to invoke federal jurisdiction under the FTCA *before* the administrative process was completed. The Ninth Circuit stressed that precedent "ought not be read as preventing a plaintiff who wishes to state

a number of federal and state law claims against an array of defendants from filing a complaint alleging common facts and amending it after exhaustion to state an additional claim under the FTCA. Such a reading would require undue acrobatics of such a plaintiff, given the different statutes of limitations at play." *Id.* at 857. This Court concludes that *Valadez-Lopez* controls the outcome here.

## Conclusion

In light of the foregoing, the Motions at **Docket 9** and **Docket 11** are **DENIED**.

**IT IS SO ORDERED** this 16th day of December, 2014.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE